GABRIEL H. BARBEY AND ANOTHER, PLAINTIFFS, *v.* BENJA-MIN L. LUDINGTON, DEFENDANT.

*Agreement to share money overpaid to United States, if recovered — interest thereon follows principal.*

MOTION on behalf of the plaintiff for a new trial, on exceptions ordered to be first heard at General Term.

The defendant was employed to recover back duties which had been paid by the plaintiffs on the importation of bronze powder and Dutch metal, in excess of what it was claimed could be legally imposed by the United States authorities. The excess was afterward recovered, with interest, and one-half the amount was paid over to the plaintiffs. They claimed, however, the interest upon the half retained by the defendant under the agreement entered into when they employed him. Their claim was rejected and the complaint dismissed at the trial. By the terms of the agreement the plaintiff agreed to allow the defendant " one-half or fifty per cent of all he may recover back or obtain from the government or its officers, of the forty-five per cent duty heretofore exacted or hereafter exacted," etc.

The court at General Term said : " No stipulation in any form was made on the subject of interest, and its recovery was not probably contemplated then by either of the parties. When the interest was recovered it must have been as an incident to the principle, which in legal

contemplation it certainly was. (*Stevens* v. *Barringer*, 13 Wend., 639.) And as the agreement made in effect gave the defendant one-half the forty-five per cent that should be recovered, by way of principal, his right to an equal portion of the interest would seem to follow logically from that circumstance. In this respect the agreement was expressed in plain terms, that the defendant should have one-half of what might be recovered of the excessive forty-five per cent. That was substantially transferred to him and it became the source of the interest retained by him and now claimed by the plaintiffs. This interest accrued upon that half, and plainly seems to be as much his property, as the agreement had made one-half of the principal. It originated in and accrued upon his half of the amount recovered. It was an incident of it, and attached itself to that half (*Munsell* v. *Lewis*, 2 Den., 224), and to that half the plaintiffs parted with their title in favor of the defendant. By means of the rights so acquired, the accretions or fruits of the property or share assigned became a portion of it, and consequently belonged to him. The reasonable construction of the terms of the agreement itself leads to the same conclusion. By that he was to have one-half of all he might recover or obtain of the forty-five per cent. This should not be restricted, as the plaintiffs have insisted, to the forty-five per cent as the extent of the subject-matter of the contract. But it should extend to whatever might be recovered on the basis that the forty-five per cent had been illegally exacted. He was to have half of what might be recovered or obtained of the forty-five per cent. That is one-half of what should be recovered for or on account of this unlawful excess paid by the plaintiffs."

*James Clark*, for the plaintiffs. *George W. Lord*, for the defendant.

Opinion by Daniels, J.; Davis, P. J., and Brady, J., concurred.

Motion denied with costs, and judgment ordered for defendant.